IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| RIVERCLIFF COMPANY, INC. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:10CV00330 SWW |
| RESIDENCES AT RIVERDALE GP, | * | |
| LLC, ET AL. | * | |
| | * | |
| Defendants | | |

**ORDER**

Plaintiff Rivercliff Company, Inc. ("Rivercliff") brings this diversity action against Residences at Riverdale, GP, LLC; Residences at Riverdale, LP; Nations Construction; and David F. Stapleton, seeking damages and other remedies for trespass to land, breach of the duty of an adjoining landowner to provide lateral support, and negligence. Before the Court is a motion to intervene and quash (docket entry #37) by Transcriptions Inc., d/b/a/ Bushman Court Reporting ("Bushman"), and Rivercliff's response in opposition (docket entry #38). After careful consideration, and for reasons that follow, the motion to intervene and motion to quash will be granted.

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure gives the issuing court discretion to quash or modify a subpoena that requires the disclosure of privileged or protected matter or that subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii)-(iii). Here, Rivercliff served a subpoena upon Bushman, seeking all transcripts recording deposition testimony by Carl Garner, a consulting engineer who has served as an expert witness in multiple cases. Bushman reports: "Plaintiff has instructed Bushman to assemble (and apparently to re-

transcribe if necessary) all such depositions in its possession for the perusal of the Plaintiff and that Plaintiff will then choose which if any deposition transcripts it chooses to copy and reimburse Bushman for its ultimate selections only." Docket entry #37 at 2. Bushman asserts that the subpoena is onerous and burdensome and invades the rules of confidentiality that govern court reporters. Bushman asks that the Court quash the subpoena or "provide for the Plaintiff to give . . . notice to the original parties litigant in the various cases and for reimbursement to Bushman for all copies produced at the customary rate–not just the ones selected by the Plaintiff." *Id*., ¶ 10.

Rivercliff responds that one or more of the defendants have identified Garner as an expert who will testify in this case. Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires the disclosure of an expert witness report that contains, among other things, "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition . . . . " The purpose of Rule is to allow the opposing party an opportunity to review an expert's past testimony, and failure to comply with this disclosure requirement may prevent the expert from testifying. *See* Fed. R. Civ. P. 37(c)(1).

The Court finds that the subpoena at issue subjects Bushman to undue burden because it requires the production of *all* transcripts recording Garner's past deposition testimony. The procedure contemplated under Rule 26(a)(2)(B) is the most efficient method for obtaining information about specific cases in which Garner has testified in the past 4 years. Once Garner has identified cases in which he has testified as an expert at trial or by deposition within the past 4 years, Rivercliff may serve Bushman with a subpoena for related transcripts. The Court finds no merit to Bushman's argument that Garner's deposition testimony is confidential by virtue of

the code of professional ethics published by the National Court Reporters Association ("NCRA"), which calls for the preservation of confidentiality of oral or written information entrusted to a court reporter. An expert's deposition testimony is subject to be included in public records, and parties have no reasonable expectation of privacy in such testimony based on the NCRA's code of professional ethics.

For the reasons stated, the motion to intervene by Transcriptions, Inc., d/b/a/ Bushman Court Reporting, (docket entry #37) is GRANTED, and the intervenor's motion to quash (docket entry #37) is GRANTED on the ground that the subpoena at issue is unduly burdensome.

IT IS SO ORDERED THIS 27TH DAY OF SEPTEMBER, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE