FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 12 2011

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RIVERCLIFF COMPANY, INC.                              PLAINTIFF

VS.                    NO. 4:10-CV-0330 SWW

RESIDENCES AT RIVERDALE GP, LLC;
RESIDENCES AT RIVERDALE, LP;
NATIONS CONSTRUCTION MANAGEMENT
INCORPORATED; and DAVID F. STAPLETON              DEFENDANTS

## AGREED PROTECTIVE ORDER

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information and documents which may be discovered or offered into evidence at the trial of this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order.

It is agreed that material requested by or produced to any party which is deemed confidential shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

     a.      To any person with prior written consent of the attorney of record for the producing party;

     b.      To counsel for the parties who are actively engaged in the conduct of this litigation and to their staffs to the extent reasonably necessary to render professional services in the litigation;

     c.      To the parties to the litigation and their experts; and

     d.      To any other individuals included by order of the Court;

Documents produced by the parties or third parties to which this Protective Order is applicable shall be stamped "CONFIDENTIAL."

The parties may designate pages of deposition transcripts as confidential. This may be done by underlining the portions of the pages that are confidential and marking these pages as "CONFIDENTIAL". Confidential pages of deposition transcripts will be treated as any other documents subject to this Protective Order.

Nothing in this Order shall preclude any party from challenging the designation of a document or information as CONFIDENTIAL by another party in accordance with the following procedures:

A.   <u>Notice of Challenge to Confidentiality</u>. If any party elects to challenge the designation as CONFIDENTIAL, of any document, deposition testimony, or other information pursuant to this Order, that the party shall first provide the designating party seven (7) days advance written notice to afford the designating party as opportunity to voluntarily remove such designation.

B.   <u>Motion Challenging Confidentiality</u>. If, after expiration of the seven (7) day period, the designating party has not agreed to remove the designation as CONFIDENTIAL and the parties are otherwise unable to resolve the challenge to confidentiality, the challenging party may file a written motion with the court for an order removing or modifying the challenged designation. Such motion shall be accompanied by a list of all documents and the documents which are being contested.

C.   <u>Burden</u>. The designating party shall have the burden of demonstrating the confidential nature of the designated document, deposition testimony, or other information.

D.   <u>Unresolved Challenges to Confidentiality</u>.  If the challenge is not resolved by agreement, or by voluntary removal, and if no motion is filed, then the CONFIDENTIAL designation shall remain in effect and continue to apply to such document or information.

Subject to the Federal Rules of Evidence, confidential documents and information may be offered in evidence at trial or any Court hearing.  Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

Any material submitted to or filed with the Court which contains information covered by this Protective Order shall be filed under seal, in a sealed envelope marked to indicate that the enclosed material is confidential and is to be made available only to the presiding judge and the judge's staff unless and until the Court orders otherwise.  Parties agree that pleadings not under seal may be filed that make limited reference to information covered by this Protective Order provided there is a good faith basis for the necessity to reference the information and reasonable efforts are made to protect from unnecessary disclosure of confidential information and documents.

The parties may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order.

The information covered under this Protective Order shall be used only for purposes of this litigation.  No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order.  No individual

shall use any of the information to the detriment of the disclosing party or for any other business or financial benefit of the individual.

In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise legally required by legal process to disclose the information, it shall immediately notify the opposing party and provide them with an opportunity to object before any disclosure is made.

Within one-hundred and twenty (120) days after filing a conclusion of all aspects of the litigation of the referenced case, CONFIDENTIAL documents and all copies in print (other than exhibits of record) shall be returned to the party which produced the documents or, if agreed to by the parties, destroyed.

IT IS SO ORDERED this 12th day of December, 2011.

UNITED STATES DISTRICT JUDGE