THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

```
RIVERCLIFF COMPANY, INC.            *
                                    *
            Plaintiff               *
                                    *
V.                                  *
                                    *      NO: 4:10CV00330  SWW
RESIDENCES AT RIVERDALE GP,         *
LLC, ET AL.                         *
                                    *
            Defendants
```

**ORDER**

Plaintiff Rivercliff Company, Inc. ("Rivercliff") brings this diversity action against Residences at Riverdale GP, LLC; Residences at Riverdale LP; David F. Stapleton; and Nations Construction, seeking damages and injunctive relief for trespass to land, breach of the duty of an adjoining landowner to provide lateral support, and negligence.  Before the Court are (1) Defendants' motion to exclude testimony by Plaintiff's proposed expert, Dr. Norman D. Dennis (docket entries #93, #94), Rivercliff's response in opposition (docket entry #96), and Defendants' reply (docket entry #100) and (2) Rivercliff's motion for leave to provide belated expert witness disclosures (docket entry #97) and Defendants' response in opposition (docket entry #101).  After careful consideration, and for reasons that follow, Defendants' motion is denied, and Rivercliff's motion is granted.

Rivercliff owns real property in Little Rock, which contains the Rivercliff Apartments. Rivercliff claims that Defendants excavated the base of a hillside, which removed lateral support for its property and damaged Magnolia Avenue, the only means of ingress and egress to the Rivercliff Apartments.

By order entered November 17, 2011, the Court granted Rivercliff's motion to continue the trial date, originally set for December 5, 2012.  On November 4, 2011, Rivercliff disclosed Dr. Norman D. Dennis as a potential expert witness, and on November 7, 2011, Rivercliff delivered Dr. Dennis's expert report to Defendants.  Rivercliff acknowledges that failed to timely identify Dr. Dennis as a witness and to provide expert disclosures within the time required under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.   Defendants move to strike Dr. Dennis's expert report and exclude his testimony based on Rivercliff's untimely disclosure.

In deciding whether to exclude a witness on the basis of untimely identification, the Court should consider (1) the reason for failing to disclose the witness earlier, (2) the importance of the witness's testimony, (3) the opposing party's need for time to prepare, and (4) whether a continuance would be useful.  See *Life Plus Intern. v. Brown*, 317 F.3d 799, 803-04 (8th Cir. 2003).   Considering these factors, the Court finds that Defendants' motion should be denied.

First, Rivercliff states that because of the evolving condition of the hillside at issue, Dr. Dennis's findings were not available at the time expert disclosures were due in this case.  Second, Rivercliff asserts that the instability of the hillside in question is an ongoing, developing condition, and the results of new geological tests conducted by Dr. Dennis provide additional information that will be helpful to the determination of contested issues.  Third, Rivercliff states that it will make Dr. Dennis available for deposition, and the Court finds that Defendants have ample time to prepare for trial, without a continuance of the September 17, 2012 trial date.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to provide belated expert witness disclosure (docket entry #97) is GRANTED, and Defendants' motion to strike the expert report and exclude the testimony of Dr. Norman D. Dennis (docket entry #93) is

DENIED.

IT IS SO ORDERED THIS 6th DAY OF FEBRUARY, 2012.

<u>/s/Susan Webber Wright</u>

UNITED STATES DISTRICT JUDGE